11-1535-cv
Akey v. Astrue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of March, two thousand and twelve.

PRESENT: JOSEPH M. McLAUGHLIN,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                  *Circuit Judges*.

───────────────────────────────

GLENFORD S. AKEY,

                  *Plaintiff-Appellant*,

        -v.-                                    11-1535-cv

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                  *Defendant-Appellee*.

───────────────────────────────

FOR APPELLANT:     Howard D. Olinsky (Jaya A. Shurtliff, *on the brief*), Olinsky Law Group, Syracuse, NY.

FOR APPELLEE:      Robert R. Schriver, Special Assistant United States Attorney, Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *for* Richard S. Hartunian,

United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Northern District of New York be **AFFIRMED.**

Appellant Glenford Akey appeals from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*), which affirmed the Commissioner of Social Security's decision denying his application for Supplemental Security Income and Disability Insurance Benefits.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"When deciding an appeal from a denial of . . . benefits, [this Court] focus[es] on the administrative ruling rather than the district court's opinion."  *Acierno v. Barnhart*, 475 F.3d 77, 80 (2d Cir. 2007) (internal quotation marks omitted).  Our review is deferential, and we set aside the Commissioner's determination only where such determination "is based upon legal error or not supported by substantial evidence."  *Berry v. Schweiker*, 675 F.2d 464,

2

467 (2d Cir. 1982) (*per curiam*). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (internal citations omitted). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000), *superceded by statute on other grounds*, 20 C.F.R. § 404.1560(c)(2) (internal quotation marks omitted).

Akey contends that (1) the Administrative Law Judge ("ALJ") erred in assessing his mental Residual Functional Capacity ("RFC"); (2) the ALJ erred in assessing his physical RFC; (3) the ALJ improperly relied on a flawed hypothetical posed to the vocational expert; and (4) the ALJ committed error in finding that Akey's testimony regarding the intensity, persistence, and limitations associated with his pain and other symptoms was not "entirely credible." Each of Akey's arguments is taken in turn.

First, substantial evidence supports the ALJ's determination that Akey was intellectually capable of performing unskilled and semi-skilled work and that he

suffered no other mental functional limitations for work. Although Akey points to Nurse Practitioner Jacobsen's report that Akey suffered from a "marked limitation" in dealing with work stress, the ALJ did not err in discounting her opinion because she has no expertise in psychology or psychiatry.  *See* 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5).

As to the physical RFC, Akey failed to object to the magistrate judge's determination in his Report and Recommendation that Akey's physical RFC was supported by substantial evidence.  Because Akey's argument does not have "substantial merit," we decline to review the issue.  *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

Akey's contention that the hypothetical questions posed to the vocational expert were flawed is unavailing.  The ALJ's failure to include the limitation to unskilled and semi-skilled work is harmless because the only jobs the vocational expert identified were unskilled or semi-skilled. As such, the ALJ did not err by relying on the vocational expert's testimony as evidence that Akey could perform work existing in significant numbers in the national economy.

Finally, the ALJ did not err in finding that Akey's

4

statements regarding the intensity, persistence, and limiting effects of his pain and symptoms were not "entirely credible."  The ALJ properly noted the relevant legal standards and identified the factors supporting his conclusion.  Contrary to Akey's claims, the ALJ did consider Akey's consistent earnings record in his credibility analysis, but nevertheless determined that his statements were not entirely credible.

After a thorough review of the record, we find Akey's remaining arguments to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5